# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## TOLEDO DIVISION

| | | |
|---|---|---|
| **BECKY HUSTON** | : | Case No.  3:21-cv-00133 |
| 434 Alexis Road | | |
| Toledo, OH  43612 | : | (Judge _____) |
| | | |
| Plaintiff, | : | |
| | | |
| v. | : | **COMPLAINT AND JURY DEMAND** |
| | | |
| **FCA US LLC** | : | |
| c/o CT Corporation System | | |
| Registered Agent | : | |
| 1300 E. 9th Street | | |
| Cleveland, OH  44114 | : | |
| | | |
| and | : | |
| | | |
| **SECURITAS SECURITY SERVICES USA, INC.** | : | |
| 4330 Park Terrace Drive | : | |
| Westlake Village, CA  91361-4630 | | |
| | : | |
| **Also Serve:** | | |
| | : | |
| **SECURITAS SECURITY SERVICES USA, INC.** | : | |
| 38105 Mound Rd., Suite 103 | | |
| Sterling Heights, MI  48310 | : | |
| | | |
| and | : | |
| | | |
| **JOHN DOE I-X** | : | |
| (Individuals, Agents, Employees, | | |
| Entities, Subsidiaries, . . .) | : | |
| | | |
| and | : | |
| | | |
| **ROE CORPORATIONS I-XX** | : | |
| (Individuals, Agents, Employees, | | |
| Entities, Subsidiaries, . . .) | : | |
| | | |
| Defendants. | : | |

1

## I.    INTRODUCTION

1.      Defendant FCA US LLC ("Chrysler FCA") and Defendant Securitas Security Services USA, Inc. ("Securitas") failed to provide adequate security services for the safety of persons at the Chrysler Assembly Plant, 4400 Chrysler Avenue, Toledo, Ohio. Plaintiff was severely injured as a result of the inadequate security at the location.

## II.    PARTIES

2.      Plaintiff Becky Huston is an individual and a citizen of the State of Ohio who resides at 434 Alexis Road, Toledo, Ohio, in Lucas County, Ohio.

3.      Defendant FCA US LLC (hereinafter "Chrysler FCA") is a limited liability company organized and existing under the laws of the State of Delaware, and is qualified to regularly conduct business in the State of Ohio, with its principal place of business located in the State of Michigan, and it can be served at its local address c/o CT Corporation, 1300 E. 9th Street, Cleveland, OH, 44114. Defendant FCA US LLC is a limited liability company whose sole member is FCA North America Holdings, LLC, which is a Delaware limited liability company, which has as its sole member Fiat Chrysler Automobiles N.V., a publicly traded company organized and existing under the laws of the Netherlands.

4.      Defendant Securitas Security Services, USA, Inc. ("Securitas") is a corporation organized under Delaware law, with a principal place of business located at 4330 Park Terrace Drive, Westlake Village, CA, 90361, and licensed and authorized to do business within the State of Ohio.

5.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES I through X and/or ROE CORPORATIONS I through XX, inclusive, are unknown and Plaintiff believes that the Defendants are any one of the following:

(a)     Parties responsible in some manner for the events and happenings herein referred to that caused injuries and damages proximately thereby to Plaintiff as herein alleged;

(b)     Parties that are the agents, servants, employees and/or contractors of Defendants, each of them acting within the course and scope of their agency, employment or contract;

(c)     Parties that own, lease, manage or operate, security and/or are responsible for the premises referred to hereinafter; and/or

(d)     Parties that have assumed or retained the liabilities of any of the Defendants by virtue of an agreement, sale, transfer or otherwise.

(e)     Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES I-X and ROE CORPORATIONS I-XX, inclusive, when the same have been ascertained by Plaintiff, together with appropriate charging allegations, and to join said Defendants in the action.

### III.     JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action by reason of diversity of citizenship.  28 U.S.C. § 1332(a)(1).  There is complete diversity among the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and cost.

7.     This Court has personal jurisdiction over the Defendants under Ohio's long-arm statute in that, among other things, both Defendants regularly transact business in the State of Ohio.

8.     This Court is an appropriate venue pursuant to 28 U.S.C. § 1391 in that the accident which gives rise to this claim occurred in this judicial district.

### IV.     FACTS

9.      All of the acts and omissions alleged herein occurred at the Chrysler North Assembly Plant, Toledo, Ohio, and within this judicial district of Lucas County, Toledo, Ohio.

10.     At all times mentioned herein, particularly on or about June 20, 2020, Defendant FCA Chrysler owned, operated, possessed, controlled and/or maintained the property located at 4400 Chrysler Drive, Toledo, Ohio, 43608 commonly known as the Chrysler Toledo North Assembly Plant ("Chrysler North Assembly Plant").

11.     Defendant Chrysler FCA was responsible for providing safety security measures for the premises at the Chrysler North Assembly Plant both by themselves and with the Securitas Security Services Company, which Chrysler FCA hired and retained to provide security services.

12.     On or about June 20, 2020, Plaintiff Becky Huston was lawfully on the premises of the Chrysler Assembly Plant as a business invitee.  She worked there as a transport controller for Cassens Transport Co. transporting motor vehicles by and between FCA Chrysler and Cassens Transport.

13.     Defendant Chrysler FCA shipped motor vehicles from its manufacturing plant in Detroit, Michigan, to its Chrysler North Assembly Plant in Toledo, Ohio, where the vehicles were loaded into Cassens Transport semi-trucks and shipped to various destinations.

14.     Plaintiff was performing her job at Cassens Transport during the early morning of June 20, 2020, arranging for the transport of Dodge Ram trucks that had arrived at the Chrysler North Assembly Plant from Detroit, Michigan.

15.     The premises of the Chrysler North Assembly Plant were entered by a group of persons who were not authorized to enter the premises and they took approximately 6 to 8 Dodge Ram trucks and drove them off the property.

16.     These unauthorized persons freely entered the premises without being stopped by either Chrysler FCA or Securitas and drove the Dodge Ram trucks at a high rate of speed to an exit point of the premises.

17.     Plaintiff was struck by one of the Dodge Ram trucks as she was walking on the premises.  She attempted to get out of the way of the truck but could not avoid it and was severely and violently struck so as to cause serious and multiple injuries.

18.     Plaintiff was run over by the Dodge Ram truck, which continued to leave the premises without being stopped in any way whatsoever by either of the Defendants, Chrysler FCA or Securitas.

19.     Plaintiff Becky Huston suffered multiple injuries from being struck and run over by the truck and lay in the roadway inside the Plaint, at which time 911 was contacted and an ambulance arrived to rush her to the St. Vincent Hospital for emergency medical treatment.

20.     Plaintiff suffered multiple physical injuries, including a traumatic brain injury, she was comatose for eight (8) weeks, and had multiple fractures and lacerations which required several months of hospitalization, and which continue to severely affect her, including causing serious pain, personality change, forgetfulness, confusion, and inability to focus.

21.     The costs of Plaintiff's medical care have been voluminous, in excess of $1,000,000, and Plaintiff will incur ongoing medical expenses and will continue to struggle with the effects of this injury for the remainder of her life.

22.     Plaintiff has also suffered permanent loss of wages from her employer, Cassens Transport, as a result of being physically and emotionally incapacitated from returning to work.

## FIRST CAUSE OF ACTION
### (Negligence of Chrysler FCA)

23.     Plaintiff repeats and realleges each and every foregoing paragraph set forth above and incorporates the same by reference as if fully restated herein.

24.     Defendant Chrysler FCA was under a duty to provide reasonable, adequate, and sufficient security services and/or to otherwise take appropriate steps to ensure the safety and

protection of persons lawfully on the premises at the Chrysler North Assembly Plant, including but not limited to Plaintiff.

25.    Defendant Chrysler FCA had a duty to understand and anticipate that the Chrysler North Assembly Plant could be entered by unsafe, unauthorized persons, and that they could prevent that activity from happening so as to protect persons on the property.

26.    Defendant Chrysler FCA had a duty to take precautions and prevent any unsafe, unauthorized person from entering the property by taking actions themselves or advising any others hired to protect the property.

27.    Defendant Chrysler FCA knew or should have known that persons lawfully on the premises, such as Plaintiff, could suffer damages to their health, safety, and/or well-being due to the actions of unsafe, unauthorized persons who entered the premises.

28.    At all times material hereto, Defendant Chrysler FCA should have reasonably anticipated that it was reasonably foreseeable from its knowledge and/or past experience that persons lawfully on the premises of the Chrysler North Assembly Plant, such as Plaintiff, would suffer serious bodily injury or death as a result of the actions of unsafe, unauthorized persons who entered the premises.

29.    Defendant Chrysler FCA failed or refused to take adequate precautions to protect persons lawfully on the premises of the Chrysler North Assembly Plant, such as Plaintiff, from being exposed to the dangerous actions of unsafe, unauthorized persons despite knowing that there were previous and similar incidents at this plant and at other Chrysler plants.

30.    Defendant Chrysler FCA's actions were negligent, grossly negligent, reckless, intentional and in wanton disregard, as follows:

      a.  Failing to provide adequate and safe security;

b. Failing to reasonably anticipate that unsafe, unauthorized persons could enter the premises and harm persons on the premises.

c. Failing to take precautions to prevent unsafe, unauthorized persons from entering the premises.

d. Failing to hire proper security to safeguard the property.

e. Failing to provide warnings to security companies retained to secure the premises.

31. As a direct and proximate result of Defendant Chrysler FCA's negligent, reckless and/or intentional conduct at the Chrysler North Assembly Plant, Plaintiff was assaulted, battered and otherwise victimized when struck and run over by a truck, causing severe injuries to Plaintiff.

32. As a direct and proximate result of Defendant Chrysler FCA's negligent, reckless and/or intentional conduct at the Chrysler North Assembly Plant, Plaintiff suffered bodily injury, pain, suffering, discomfort, permanent impairments, emotional distress and anxiety when struck and run over by a truck while on the premises.

33. As a direct and proximate result of Defendant Chrysler FCA's negligent, reckless and/or intentional conduct at the Chrysler North Assembly Plant, Plaintiff incurred the expenses of necessary medical rehabilitative, and other care, treatment and services.

34. As a direct and proximate result of Defendant Chrysler FCA's conduct, aforementioned, Plaintiff suffered loss of the pleasures of life, including, but not limited to, participation in life's activities of the quality and to the extent previously enjoyed by Plaintiff.

35. As a direct and proximate result of Defendant Chrysler FCA's conduct, aforementioned, Plaintiff suffered loss of wages in her employment, which are permanent in nature.

## SECOND CLAIM FOR RELIEF
### (Negligence of Chrysler FCA in Hiring, Advising and Supervising Securitas)

36.     Plaintiff repeats and realleges each and every foregoing paragraph set forth above and incorporates the same by reference as if fully restated herein.

37.     Defendant Chrysler FCA hired and retained the security services company of Securitas Security Services to provide adequate and safe security and to take precautions against reasonably anticipated unsafe, unauthorized persons from entering the Chrysler North Assembly Plant.

38.     Defendant Chrysler FCA had a duty to hire, supervise and advise any security services companies to provide reasonable protection to patrons from unsafe, unauthorized persons from entering the Chrysler North Assembly Plant.

39.     Defendant Chrysler FCA knew or should have known that any failure to hire, advise and supervise and/or control any security services company as its agents and/or subcontractors could lead to injury of patrons.

40.     Defendant Chrysler FCA failed or refused to take adequate precautions to hire, advise and supervise Securitas to protect persons lawfully on the premises of the Chrysler North Assembly Plant, such as Plaintiff, from the unsafe, unauthorized activities of others, despite a reasonable likelihood that persons lawfully on the premises would be victimized by, or subjected to, such acts.

41.     Defendant Chrysler FCA failed in its duties, aforementioned, and in so doing its conduct was negligent, grossly negligent, reckless, intentional and in wanton disregard to provide safety at the Chrysler North Assembly Plant.

42.     As a direct and proximate result of Chrysler FCA's conduct aforementioned, Plaintiff was assaulted and battered while on the premises of the Chrysler North Assembly Plant, causing severe injuries to Plaintiff.

43.     As a direct and proximate result of Defendant Chrysler FCA's conduct, aforementioned, Plaintiff suffered bodily injury, pain, discomfort, suffering, permanent impairment, emotional distress and anxiety.

44.     As a direct and proximate result of Defendant Chrysler FCA's conduct, aforementioned, Plaintiff incurred the expenses of necessary medical, rehabilitative and other care, treatment and services.

45.     As a direct and proximate result of Defendant Chrysler FCA's conduct, aforementioned, Plaintiff suffered loss of the pleasures of life, including, but not limited to, participation in life's activities of the quality and to the extent previously enjoyed by Plaintiff.

46.     As a direct and proximate result of Defendant Chrysler FCA's conduct, aforementioned, Plaintiff suffered loss of wages in her employment, which are permanent in nature.

**THIRD CLAIM FOR RELIEF**
**(Negligence of Securitas)**

47.     Plaintiff repeats and realleges each and every foregoing paragraph set forth above and incorporates the same by reference as if fully restated herein.

48.     Defendant Securitas had a duty to provide reasonable, adequate and sufficient security services and personnel and/or to take appropriate steps to ensure the safety and protection of persons lawfully on the premises at the Chrysler North Assembly Plant, including but not limited to Plaintiff.

49.     Defendant Securitas had a duty to reasonably anticipate that unsafe, unauthorized persons could enter the premises and threaten guests and/or invitees on the premises.

50.     Defendant Securitas had a duty to take precautions to prevent unsafe, unauthorized persons from entering the premises that could injure persons on the premises.

51.     At all times material hereto, Defendant Securitas knew or should have known that persons lawfully on the premises of the Chrysler North Assembly Plant, such as Plaintiff, could be victimized and/or injured by unsafe, unauthorized persons entering the premises.

52.     At all times material hereto, Defendant Securitas should have reasonably anticipated that it was reasonably foreseeable from its knowledge and/or past experience that persons lawfully on the premises of the Chrysler North Assembly Plant, such as Plaintiff, would suffer serious bodily injury by unsafe, unauthorized persons who entered the premises of the Chrysler North Assembly Plant.

53.     Defendant Securitas's actions were negligent, grossly negligent, reckless, intentional and in wanton disregard, as follows:

    a.  Failing to provide adequate and safe security.

    b.  Failing to reasonably anticipate that unsafe, unauthorized persons could enter the premises and harm persons on the premises.

    c.  Failing to take precautions to prevent unsafe, unauthorized person from entering the premises.

    d.  Failing to hire adequate and responsible security personnel that could prevent injuries to persons on the property due to unauthorized entry of others.

    e.  Failure to provide professional guards;

    f.  Failure to provide adequate barriers;

10

> g.   Failure to provide adequate lighting.

> h.   Failure to monitor proper entry and exit to the premises.

54.    As a direct and proximate result of Securitas's negligent, grossly negligent, reckless and/or intentional conduct and wanton disregard, Plaintiff suffered bodily injury, pain, discomfort, suffering, permanent impairment, emotional distress, and anxiety.

55.    As a direct and proximate result of Securitas's negligent, grossly negligent, reckless and/or intentional conduct and wanton disregard, Plaintiff incurred the expenses of necessary medical rehabilitative and other care, treatment and services.

56.    As a direct and proximate result of Securitas's negligent, grossly negligent, reckless and/or intentional conduct and wanton disregard, Plaintiff suffered loss of the pleasures of life, including, but not limited to, participation in life's activities of the qualify and to the extent previously enjoyed by Plaintiff.

57.    As a direct and proximate result of Securitas's negligent, grossly negligent, reckless and/or intentional conduct and wanton disregard, Plaintiff suffered loss of wages in her employment, which are permanent in nature.

## FOURTH CLAIM FOR RELIEF
### (Punitive Damages Claim Against Chrysler FCA)

58.    Plaintiff repeats and realleges each and every foregoing paragraph set forth above and incorporates the same by reference as if fully restated herein.

59.    Defendant Chrysler FCA had knowledge and was fully aware that there was unsafe, unauthorized entry by persons at the Chrysler North Assembly Plant on several occasions before the date of this accident involving Plaintiff.

60.    Defendant Chrysler FCA had knowledge and was fully aware that there was unsafe, unauthorized entry by persons at the same or very similar Chrysler FCA assembly plants that were

owned and operated by Chrysler FCA in the Detroit, Michigan area and surrounding areas before the date of the accident involving Plaintiff.

61.     Defendant Chrysler FCA, based on this knowledge, had a duty to increase security and provide additional safety for business invitees at the Chrysler North Assembly Plant but failed in its duty to take these measures to protect persons on the property, including but not limited to Plaintiff.

62.     Defendant Chrysler FCA, based on this knowledge, had a duty to properly hire and/or advise any and all companies that provided security of the information, aforementioned, so that the Chrysler North Assembly Plant could be properly protected so as to prevent harm to others, including Plaintiff.

63.     Defendant Chrysler FCA failed in its duties to properly hire and/or advise Securitas of the dangers which existed, aforementioned, so that the property could be properly protected so as to prevent harm to others, including Plaintiff.

64.     Defendant Chrysler FCA's failure of its duties, aforementioned, and as alleged more fully in this Complaint, is negligent, grossly negligent, reckless and intentional and in wanton disregard of the rights of Plaintiff, Becky Huston, and proximately caused her to suffer great harm, such that punitive damages are appropriate.

## FIFTH CLAIM FOR RELIEF
### (Punitive Damages Claim Against Securitas Services, Inc.)

65.      Plaintiff repeats and realleges each and every foregoing paragraph set forth above and incorporates the same by reference as if fully restated herein.

66.     Defendant Securitas had knowledge and was fully aware that there was unsafe, unauthorized entry by persons at the Chrysler North Assembly Plant on several occasions before the date of this accident involving Plaintiff.

12

67.    Defendant Securitas had knowledge and was fully aware that there was unsafe, unauthorized entry by persons at the same or very similar Chrysler FCA assembly plants, including plants in the Detroit, Michigan area and surrounding areas before the date of the accident involving Plaintiff.

68.    Defendant Securitas had a duty to increase security and provide additional safety for the Chrysler North Assembly Plant but failed in its duty to take these measures to protect persons on the property, including but not limited to Plaintiff.

69.    Defendant Securitas had a duty to properly hire and/or advise any and all security personnel of the information, aforementioned, so that the Chrysler North Assembly Plant could be properly protected so as to prevent harm to others, including Plaintiff.

70.    Defendant Securitas failed in its duties to safely and properly provide security so as to prevent harm to others, including Plaintiff.

71.    Defendant Securitas's failure of its duties, aforementioned, and as alleged more fully in this Complaint, is negligent, grossly negligent, reckless and intentional and in wanton disregard of the rights of Plaintiff, Becky Huston, and proximately caused her to suffer great harm, such that punitive damages are appropriate.

**WHEREFORE**, Plaintiff, Becky Huston, respectfully demands judgment against the Defendants FCA US LLC and Securitas Security Services, USA, Inc., jointly and severally, for compensatory damages in an amount to be proven at trial, in excess of Seventy-Five Thousand Dollars ($75,000.00), as well as for punitive damages, costs, and all other just relief to which Plaintiff may be legally and equitably entitled.

Respectfully submitted,

/s/ Brian P. O'Connor
Brian P. O'Connor (0086646)
William E. Santen, Jr. (0019324) *(admission
 application pending)*
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
513-721-4450-ph/513-852-5994 fax
bpo@santenhughes.com
wsj@santenhughes.com

and

/s/ Martin F. Mohler
Martin E. Mohler, Esq. (0000699)
Mohler Law Ltd.
405 Madison Avenue, Suite 1000
Toledo, Ohio  43604
mmohler@mohlerlawltd.com

*Counsel for Plaintiff, Becky Huston*

### **JURY DEMAND**

Plaintiff, Becky Huston, hereby demands a trial by jury of all matters so triable.

/s/ Brian P. O'Connor
Brian P. O'Connor

680900.1

14